IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FABIAN JAMES PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-541-MHT-SMD |
| ) | |
| ROIANNE HOULTON FRITH ) | |
| CONNER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On May 30, 2018, *pro se* Plaintiff filed a Complaint (Doc. 1) against Attorney Roianne Conner ("Defendant"). While far from a model of clarity, the Complaint appears to allege claims of slander, defamation of character, and falsification of legal documents, all relating to Plaintiff's 1993 criminal conviction in which Defendant was allegedly the prosecutor. *See generally* (Doc. 1). Plaintiff's Complaint also asserts non-specific violations of Plaintiff's civil and constitutional rights. *Id.* at 1. On July 28, 2018, Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 11). In response to Defendant's motion, the United States Magistrate Judge previously assigned to the case entered a show cause order directing Plaintiff to either file an amended complaint or to respond to Defendant's Motion to Dismiss. *See* (Doc. 13). On August 6, 2018, Plaintiff filed a document titled "MOTION TO CONTINUE IN LAWSUIT MOTION TO BE HEARD (APPROACH THE BENCH)[.]" (Doc. 15) at 1. From what the undersigned can

discern, Plantiff's motion asks the Court "to hear [Plaintiff's] complaint against the Defendant in an open courtroom setting" so he can obtain certain information from Defendant and meet her in person. *See generally* (Doc. 15). On August 24, 2018, Defendant filed a second Motion to Dismiss for Failure to State a Claim. (Doc. 16). In that motion, Defendant states that "Plaintiff has failed to submit any document amending his original Complaint or explaining why the instant cause should not be dismissed[,]" and asks the court to dismiss Plaintiff's original Complaint for failure to comply with the Court's order and for failure to state a claim upon which relief may be granted. (Doc. 16) at 2. On September 5, 2018, Plaintiff filed a document titled, in part, "MOTION TO PROCEED[.]" (Doc. 17) at 1. That document does not intelligibly respond to Defendant's Motion to Dismiss[1] nor does it appear to be an attempt to amend Plaintiff's Complaint. *See generally* (Doc. 17). Finally, on December 27, 2018, Plaintiff filed a Motion to Amend his Complaint. *See* (Doc. 20). That motion, *inter alia*, seeks to add additional defendants, including "past public defenders employees and their supervisors and directors" for "mishandling" Plaintiff's earlier criminal case. (Doc. 20) at 1.

The motions before the Court are ripe for disposition or recommendation to the District Judge.[2] For the reasons that follow, the undersigned RECOMMENDS that

---

[1] The document does state that Defendant's "claim to DISMISS should NOT be GRANTED" for reasons not clear to the undersigned. (Doc. 17) at 2. Even if the undersigned were to accept the document as a late response to the Court's show cause order (Doc. 13), the undersigned cannot conclude, despite liberally construing the filing in favor of Plaintiff, that it submits a substantive response to Defendant's argument that the Complaint should be dismissed for failure to state a claim.

[2] The case was referred to a United States Magistrate Judge by the United States District Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 5).

2

Plaintiff's Motion to Amend (Doc. 20) be DENIED as futile; Defendant's Motion to Dismiss (Doc. 11) be GRANTED; Defendant's Motion to Dismiss (Doc. 16) be DENIED as moot; Plaintiff's Motion to Continue in Lawsuit (Doc. 15) be DENIED as moot; Plaintiff's Motion to Proceed (Doc. 17) be DENIED as moot; and this action be DISMISSED.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Filings

1. *Plaintiff's Complaint*

Plaintiff's Complaint attempts to state claims against Defendant for slander, defamation of character, and falsification of legal documents arising from the conduct of Defendant when she was—according to Plaintiff—impersonating "a Montgomery County, Alabama Deputy District Attorney" in 1993-1996.  (Doc. 1) at 1, 2.  He also asserts that his civil and constitutional rights[3] have been violated by "OTHERS OF THE LAW ENFORCEMENT" because of Defendant.  *Id*. at 2.  As best the undersigned can interpret, Plaintiff alleges that, while impersonating a prosecutor, Defendant averred in a state court proceeding that Plaintiff withdrew a plea of not guilty to a plea of guilty for a charge of sexual abuse in the first degree.  *See* (Doc. 1) at 2.  However, Plaintiff appears to claim that the change of plea never actually took place.  *See* (Doc. 1-6) at 1 (handwritten note from Plaintiff on a state-court document reflecting the disposition of his sex abuse charge stating that he "would like to enter a plea of not guilty, because . . . [he] has never in 1993, been

---

[3] An attachment to Plaintiff's Complaint, addressed "To whom it may concern[,]" suggests that the rights Plaintiff believes to have been violated are "the right to a fair trial amongst my piers-due process which access the right to a speedy trial[.]" (Doc. 1-1) at 6.

3

in a courtroom, anywhere in the United States of America, especially in Alabama with [Defendant] and made a guilty plea"); (Doc. 1-7) (a case action summary from state court regarding Plaintiff's guilty plea for the sexual abuse charge with a handwritten note from Plaintiff stating "THIS INCIDENT NEVER HAPPEN, and the lower courts refuse this evidents of my INNOCENCE, WHY?"). Plaintiff asserts that the fictional event, which purportedly occurred on January 14, 1993, has been used "to bring criminal charges against [him] . . . under the community notification law" on three separate occasions and that, based upon those new criminal charges, he was incarcerated. (Doc. 1) at 2. Further, Plaintiff alleges that because of Defendant's "appearance and influence in [his] criminal appeal matter in criminal Appeals Court[,]" he "lost" his children and his home. *Id.*

Although the relief Plaintiff seeks is unclear, it does appear that Plaintiff wishes to confront Defendant in court and to accept "whatever financial decision or allotment the courts decide[.]" (Doc. 1) at 2 (Plaintiff states: "THAT'S WHY I BEEN WAITING TO SEE THIS WOMAN, IN COURT (IN A TRIAL AMONGST MY PEERS) BECAUSE I DON'T THINK WE HAVE EVER MET[.]"). It also appears that Plaintiff wishes for the Court to enter an order expunging any fines, fees, restrictions, or requirements (except for registration and monthly reporting) imposed upon Plaintiff as a result of his three additional criminal cases. (Doc. 1-1) at 1-5.

2. *Plaintiff's Motion to Amend His Complaint*

Plaintiff's motion to amend his complaint seeks to add as defendants the 15th Judicial Circuit's Public Defenders Office as well as individual public defenders. (Doc. 20). The motion also calls for "A F.B.I. OR U.S. ATTORNEY GENERAL investigation

of [Plaintiff] . . . being ARRESTED and CO-HEARSE to plea guilty 3 times by Montgomery county public defender office employees on a falsified legal document-to a criminal incident that NEVER HAPPEN[.]" *Id*. at 1.  Plaintiff lists multiple grievances he has with the putative defendants, all involving state court criminal proceedings against him that appear to have occurred in 2004, 2010, and 2017. *See generally id*.  Plaintiff states that the proposed defendants "SHOULD BE MADE TO ASSIST/GO BACK and DO WHAT THEY WAS PAID TO DO ON MY BEHALF THESE 4 TIMES/cases[.]" *Id*. at 2.

### III.  LEGAL STANDARD

#### A.  Motion to Dismiss

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of a claimant's statement for relief.  *See S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). It is read alongside Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and its attachments. 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356 at 590–92 (1969) (Wright & Miller).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir.

5

2009); *Cobb v. State of Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 557. Indeed, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562). On a motion to dismiss, a court should accept the nonconclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (internal citation omitted); *see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations" or whether, instead, it merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679-680 (quoting *Twombly*, 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity and then move to the next step, asking whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

6

## IV. DISCUSSION

**A. Plaintiff's Complaint Fails to State a Cognizable Claim for Which Relief Can be Granted.**

Plaintiff's Complaint is devoid of well-pleaded factual assertions. As it relates to Defendant, the undersigned can surmise only the following fact-based assertions:

> Making a formal complaint against Ms. Roianne Houlton Frith-Conner for making a false, misleading claim of being a Montgomery County, Alabama Deputy District Attorney in 1993 thru 1996, who on the record and for the record stated that me, the plaintiff, and my attorney ~~Branch Kloss~~ Pate Debardeleben withdrew a plea of Not Guilty, to a plea agreement of GUILTY with her in the presence of the formal Honorable Judge E.W. Reese, in his courtroom on the 14th of January 1993 . . . . ALSO ms. Roianne Houlton Frith-Conner made a claim she was the Guardian-at-Lit [sic] in my children custody case . . . and my filing appeal she, Ms. Roianne Houlton made her appearance and influence in my criminal appeal matter in criminal Appeals Court . . . .

(Doc. 1) at 2.

As pointed out in Defendant's Motions to Dismiss, Plaintiff's Complaint is in many ways illegible and incomprehensible. Despite a thorough reading of the Complaint and an intensive review of the supporting documents, the undersigned finds that it is practically impossible to discern the legal claims asserted against Defendant or the facts and circumstances that would lend plausibility to any causes of action against her. Plaintiff's Complaint is not compliant with the Federal Rules of Civil Procedure, which require plaintiffs to set forth facts that plausibly show entitlement to relief. *See, e.g., Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint . . . must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); Rule 8(a)(2), Fed. R. Civ. P. (complaint "must contain

7

. . . a short and plain statement of the claim showing that the pleader is entitled to relief). Despite Plaintiff's *pro se* status, he is not exempt from that requirement. *See Williams v. Taylor,* No. 08-00433-KD-N, 2010 WL 2025382, at *3 (S.D. Ala. Apr. 26, 2010) ("a *pro se* litigant's allegations must meet the *Twombly* standard of plausibility"); *see generally Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted). As pleaded, Plaintiff's Complaint falls woefully short of the fundamental requirement that it give Defendant fair notice of what legal claims are being brought against her and upon what factual grounds those claims rest. Accordingly, Defendant's Motion to Dismiss is due to be granted and Plaintiff's Complaint dismissed.

## B. Plaintiff's Construed Claims Related to His 1993 State Court Criminal Proceeding Are *Heck* Barred.

To the extent Plaintiff's Complaint may be construed as attempting to assert constitutional claims related to the guilty plea he entered into in 1993 for sexual abuse in the first degree, those claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff's claims are barred if a judgment in favor of those claims necessarily implies the invalidity of a conviction or sentence. *Heck*, 512 U.S. at 487 (holding that a state prisoner could not bring a claim for damages under 42 USC § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (expanding the *Heck* rule to any type of relief under § 1983). Lower courts, including the

Eleventh Circuit, have extended the logic of *Heck* to other federal statutes, as well as to civil rights suits against federal officers. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (applying *Heck* rule to *Bivens* damages claims).

Here, in a document attached to his Complaint, Plaintiff asks the court to "[l]ook under the amendments for the civil rights violations" and then proceeds to reference his right to a fair and speedy trial, due process, and his belief that he was coerced into entering a guilty plea offered by the District Attorney. (Doc. 1-1) at 6. Finding that Plaintiff's rights were violated under any of these constitutional claims would necessarily require the Court to negate Plaintiff's underlying state court conviction. *See, e.g., Weinacker v. Baer*, 696 F. App'x 937, 940 (11th Cir. 2017); *Dozier v. Vickers*, 534 F. App'x 909, 910 (11th Cir. 2013). Thus, to proceed on his claim, Plaintiff must first demonstrate that his state court conviction has been reversed, expunged, invalidated, or called into question by issuance of a writ of habeas corpus. *Heck* 512 U.S. at 487. Plaintiff's Complaint fails to do that. Accordingly, the undersigned concludes that, as it relates to any constitutional claims Plaintiff attempts to present, those claims should be dismissed.

## C.  Plaintiff's State Law Claims Are Barred by the Statute of Limitations.

To the extent Plaintiff's Complaint is attempting to assert state law claims of slander, defamation of character, and/or fraud against Defendant, the undersigned concludes that those claims are time-barred.

Alabama law requires slander and defamation of character claims to be brought within two years from the time the cause of action accrues, which is "when the defamatory matter is published." Ala. Code § 6-2-38(k) (1975); *Tonsmeire v. Tonsmeire*, 285 Ala.

9

454, 458 (1970).  Any claims of slander and/or defamation based upon Defendant's alleged conduct in or around January 1993 would clearly be time barred considering that Plaintiff has waited until 2018 to file suit in this Court.

Similarly, Alabama law requires fraud claims to be brought within two years from when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care.  Ala. Code §6-2-3 (1975); *Gray v. Liberty Nat'l Life Ins. Co.*, 623 So. 2d 1156, 1159 (Ala. 1993) (concluding that a fraud claim accrues when a "reasonable person of ordinary prudence" is presented with facts that would put one on notice that the fraud reasonably should be discovered).  Plaintiff asserts that Defendant impersonated a Montgomery County prosecutor in January 1993, which is well outside the two-year statute of limitations for filing fraud claims.  To be sure, the statute of limitations does not begin to run until Plaintiff knew, or should have known, of the fraud.  However, it is clear from Plaintiff's filings, although they are in many ways incomprehensible, that Plaintiff should have known of any fraud by Defendant no later than 2004 when he supposedly received a criminal conviction related to the underlying 1993 conviction.  Thus, the undersigned concludes that any claims of fraud against Defendant for conduct occurring in January 1993 would be clearly time-barred.

Accordingly, the undersigned concludes that, as it relates to any state law claims of slander, defamation, or fraud, those claims should be dismissed.

**D. Plaintiff's Claims Against Defendant for Her Role as a Prosecutor Are Barred by Absolute Immunity.**

To the extent Plaintiff's Complaint is attempting to assert claims against Defendant in her capacity as a prosecutor, those claims would be barred by a prosecutor's absolute immunity. The common-law rule of immunity is well settled. *See Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are granted absolute immunity from common law tort actions when performing actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Gregoire v. Biddle*, 177 F.2d 579, 581 (2nd Cir. 1949)). A prosecutor is entitled to absolute immunity for all actions performed as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial functions include the initiation and pursuit of criminal prosecution and all appearances before the court. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Imbler*, 424 U.S. at 424.

To the extent Plaintiff's Complaint asserts claims against Defendant during her time as a prosecutor, his tort claims against her would be barred by prosecutorial immunity. Plaintiff admits in his Complaint that Defendant's alleged actions giving rise to his claims took place "on the record" and "in the presence of the formal Honorable Judge E.W. Reese, in his courtroom on the 14th of January 1993[.]" (Doc. 1) at 2. Because actions performed by a prosecutor in the courtroom before a judge and on the record are undoubtedly associated with the judicial phase of the criminal process, they fall within the scope of immunity protection. Accordingly, the undersigned concludes that, as it relates to any claims against Defendant while a prosecutor, those claims should be dismissed.

**E. Amendment of Plaintiff's Complaint Would Be Futile**

Under applicable law, it is generally true that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted).[4]  However, a district court has discretion to deny an amendment if it would be futile.  *See Tie Qian v. Sec'y, Dep't of Veterans Affairs*, 432 F. App'x 808, 810-11 (11th Cir. 2011); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010).  An amendment is considered futile when the claim, as amended, would still be subject to dismissal.  *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017).  In its assessment of whether an amendment would be futile, a court applies the same standard of legal sufficiency as under Rule 12(b)(6).  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Hettinga v. U.S.*, 677 F.3d 471, 480 (D.C. Cir. 2012) ("A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss.").

Here, Plaintiff has already been afforded an opportunity to correct the deficiencies in his Complaint through the court's July 30, 2018, order directing Plaintiff to file an

---

[4] *See also Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *Jemison v. Mitchell,* No. 09-15635, 2010 WL 2130624, at *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); *Wilson v. Selma Water Works and Sewer Bd.,* No. 11-0479-WS-B, 2012 WL 512665, at *3 n.1 (S.D. Ala. Feb. 15, 2012) (finding that unrepresented parties should be afforded an opportunity to correct pleading deficiencies where "it is at least possible that a more carefully drafted complaint might state a claim") (citation and internal quotation marks omitted).

amended complaint or to show cause why Defendant's Motion to Dismiss should not be granted. (Doc. 13). Although Plaintiff filed additional documents subsequent to the Court's order (Docs. 15, 17, 18, 20), none of those filings can be considered responsive because—even when construed liberally—the filings neither address the issues raised by Defendant's Motion to Dismiss nor do they appear to be an attempt to correct the deficiencies of the original Complaint.[5] Accordingly, the undersigned concludes that granting Plaintiff any further opportunity to amend his Complaint would be futile and, hence, Plaintiff's case should be dismissed.

## V. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion to Amend (Doc. 20) be DENIED as futile; Defendant's Motion to Dismiss (Doc. 11) be GRANTED; Defendant's Motion to Dismiss (Doc. 16) be DENIED as moot; Plaintiff's Motion to Continue in Lawsuit (Doc. 15) be DENIED as moot; Plaintiff's Motion to Proceed (Doc. 17) be DENIED as moot; and Plaintiff's Complaint (Doc. 1) be DISMISSED.

Further, it is ORDERED that the parties are is DIRECTED to file any objections to the said Recommendation **on or before March 19, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusory, or general objections will not be considered.

---

[5] Insofar as Plaintiff's Motion to Amend (Doc. 20) attempts to add additional defendants—namely, several named and unnamed "public defenders employees and their supervisors and directors" both past and present—and claim either legal malpractice or ineffective assistance of counsel, such claims would similarly time-barred by statute of limitations.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Done this 5th day of March, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE