IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FABIAN JAMES PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv541-MHT |
| | ) | (WO) |
| ROIANNE HOULTON FRITH CONNER, | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Plaintiff filed this lawsuit asserting claims of slander, defamation, and falsification of legal documents, as well as non-specific civil rights and constitutional violations, all relating to a 1993 conviction in which he claims defendant was the prosecutor. Defendant has moved to dismiss twice, and plaintiff has filed a motion to amend his complaint to add as additional defendants the public defenders who represented him in more recent cases. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's motion

to amend be denied as futile; defendant's first motion to dismiss plaintiff's case be granted; defendant's subsequent motion to dismiss be denied as moot; plaintiff's motions to continue in the lawsuit and to proceed be denied as moot; and this action be dismissed. Also before the court is plaintiff's motion for injunctive relief, which the court construes as containing objections to the recommendation.

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted as to defendant's motion to dismiss and plaintiff's motions to continue in the lawsuit and to proceed, and that plaintiff's claims against the defendant former prosecutor should be dismissed with prejudice. However, to the extent plaintiff seeks to challenge his convictions, his claims will be dismissed without prejudice. Additionally, as to his motion to amend, it is not

2

clear that all of plaintiff's potential claims against his former public defenders are necessarily futile due to the passage of the statute of limitations. *See* Recommendation (doc. no. 21) at 21 n.5 (finding claims against public defenders in motion to amend would be time-barred by statute of limitations). While plaintiff's filings are difficult to comprehend, it appears that the most recent criminal case of which he complains has a 2017 case number; his claim based the 2017 case may not yet be barred by the statute of limitations. Accordingly, the motion to amend will be referred back to the magistrate judge for reconsideration.

An appropriate judgment will be entered.

DONE, this the 20th day of March, 2019.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**