IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FABIAN JAMES PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 2:18cv541-MHT-SMD |
| v. | ) ) |
| ROIANNE HOULTON FRITH CONNER, and ADERO J. MARSHALL, | ) ) ) |
| Defendants. | ) ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

Pending before the undersigned is Defendant Adero Marshall's ("Marshall") Motion to Dismiss (Doc. 37), Defendant Roianne Conner's ("Conner") Motion to Dismiss (Doc. 39), Conner's Renewed Motion to Dismiss (Doc. 45), Plaintiff Fabian Patterson's ("Patterson") "Motion for Failing to Represent Me, Their Client, Motion of Injunctive Relief" (Doc. 41), and Patterson's "Motion to Have or Set a Trial Date, Motion for Trial Amongst My Piers [sic], Motion of Reconsideration of the Above Motions" (Doc. 44). As set forth more fully below, the undersigned construes Patterson's motions as responses in opposition to the defendants' motions to dismiss. For the reasons that follow, the undersigned recommends that the Defendants' Motions to Dismiss be granted, and that Plaintiff's Second Amended Complaint (Doc. 34) be dismissed with prejudice.

## II.   FACTS AND PROCEDURAL HISTORY

This Court has already addressed the underlying facts and procedural history of this case, excerpts of which are copied below from the undersigned's earlier recommendation that Patterson's Complaint be dismissed, the Defendants' previous Motion to Dismiss be granted, and Patterson's Motion to Amend be denied as futile. (Doc. 21).

Patterson's initial Complaint appeared to allege claims of slander, defamation of character, and falsification of legal documents, relating to Plaintiff's 1993 criminal conviction in which Conner was allegedly the prosecutor. The Complaint also referenced some state court proceedings in the 2017-2018 timeframe. *See generally* (Doc. 1). Plaintiff's Complaint also asserted non-specific violations of Plaintiff's civil and constitutional rights. *Id.* at 1. On July 28, 2018, Conner filed a Motion to Dismiss for Failure to State a Claim (Doc. 11). In response to Conner's motion, the United States Magistrate Judge previously assigned to the case entered a show cause order directing Plaintiff to either file an amended complaint or to respond to Conner's Motion to Dismiss. *See* (Doc. 13). On August 6, 2018, Plaintiff filed a document titled "MOTION TO CONTINUE IN LAWSUIT MOTION TO BE HEARD (APPROACH THE BENCH)[.]" (Doc. 15) at 1. From what the undersigned can discern, Plantiff's motion asks the Court "to hear [Plaintiff's] complaint against [Conner] in an open courtroom setting" so he can obtain certain information from Conner and meet her in person. *See generally* (Doc. 15). On August 24, 2018, Conner filed a second Motion to Dismiss for Failure to State a Claim. (Doc. 16). In that motion, Defendant states that "Plaintiff has failed to submit any document amending his original Complaint or explaining why the instant cause should not be dismissed[,]" and asks the Court to dismiss Patterson's original Complaint for failure to

comply with the Court's order and for failure to state a claim upon which relief may be granted. (Doc. 16) at 2. On September 5, 2018, Plaintiff filed a document titled, in part, "MOTION TO PROCEED[.]" (Doc. 17) at 1. That document did not intelligibly respond to Conner's Motion to Dismiss, nor did it appear to be an attempt to amend Patterson's Complaint. *See generally* (Doc. 17). Finally, on December 27, 2018, Patterson filed a Motion to Amend his Complaint. *See* (Doc. 20). That motion, *inter alia*, sought to add additional defendants, including "past public defenders employees and their supervisors and directors" for "mishandling" Plaintiff's earlier criminal case. (Doc. 20) at 1.

This Court denied Patterson leave to amend as futile because most of the claims, on their face, appeared to be time-barred; however, Patterson was given the chance to amend his Complaint to clarify certain claims pertaining to the 2017-2018 state court proceedings that may not have been barred under the applicable statute of limitations. (Docs. 21, 23, 25).

Patterson submitted an Amended Complaint, (Doc. 26), and then again requested leave to file a Second Amended Complaint to fix typographical errors. (Doc. 32). This Court granted his motion (Doc. 33), and Patterson filed his Second Amended Complaint, which is now the controlling complaint in this case. (Doc. 34).

The Second Amended Complaint offers very little illumination with regards to Patterson's injuries that may stem from a 2017 state prosecution that could potentially fall within the statute of limitations. (Doc. 34). The most straightforward explanation of wrongdoing the undersigned can discern from Patterson's Second Amended Complaint is the following statement: "Hopefully Grant me a favorable judgment and whatever relief

3

that the court, finds appropriate that the defendant(s) name above should compensate me, the plaintiff, for allowing a false statement, (falsified legal misleading document) of a event that never happen and also for the record of the courts the defendant ROIANNE HOULTON FRITH CONNER was a private practice lawyer and had been in that occupation (profession) way before July 1992 to 1996 and that also made the Montgomery County District Attorney Office (3) times had me, the plaintiff arrested indicated and sentence under a false document . . .[sic]" (Doc. 34) at 1.

As best the undersigned can tell, Patterson seeks damages for some form of alleged prosecutorial misconduct. Although the Court allowed Patterson to plead facts that could entitle him to relief on the basis of a 2017 state criminal action, (Doc. 23) at 3, Patterson's Second Amended Complaint makes no reference to any activities or misconduct pertaining to any such 2017 prosecution. What few details he does provide only allude to Conner's career as a private practitioner in the mid-1990s, and any claims arising from that time period are time-barred and were previously dismissed. *Id.*

Marshall filed a Motion to Dismiss (Doc. 37), arguing that Patterson's Second Amended Complaint alleged no facts or causes of action against Marshall, and therefore, failed to state a claim against Marshall or otherwise provide any allegations to which Marshall could respond. This Court show-caused Patterson and ordered him to answer no later than January 21, 2020. (Doc. 38). Patterson filed a "Motion for Failing to Represent Me, their Client, Motion of Injunctive Relief Sought." (Doc. 41). The Court will construe this as Patterson's response to Marshall's Motion to Dismiss.

In the meantime, Conner also filed a Motion to Dismiss. (Doc. 39). Her Motion argues that the Second Amended Complaint failed to state a claim for which relief could be granted and was illegible. This Court show-caused Patterson and ordered him to file any opposition to the Motion no later than February 5, 2020. (Doc. 40). Patterson filed a "Motion to Have or Set a Trial Date" on January 28, 2020. (Doc. 44). Likewise, the Court will construe this as Patterson's response to Conner's Motion to Dismiss.

Finally, Conner filed a Renewed Motion to Dismiss (Doc. 45), in which she reiterates the arguments in her initial motion, and also notes that the only involvement she had in any of Patterson's prosecution was as an Assistant District Attorney in 1992 and that she presented his case to a grant jury for indictment. However, Conner avows that she did not participate in his prosecution, and resigned her position in the District Attorney's office sometime thereafter.

### III.   LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of a claimant's statement for relief.  *See S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).  It is read alongside Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and its attachments.  5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller).  While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a

5

formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009); *Cobb v. State of Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 557. Indeed, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562). On a motion to dismiss, a court should accept the nonconclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted*); see also Cobb*, 293 F. App'x at 709; *Brown v. Budget Rent-A-Car Syst., Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations" or whether, instead, it merely asserts "'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679-680 (quoting *Twombly*, 550 U.S. at 555). If the complaint contains factual allegations that are well pled, the court should assume their veracity and then move to the next step, asking whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would

6

push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id*. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

## IV. DISCUSSION

The undersigned will address Conner's and Marshall's Motions to Dismiss in turn. First, Marshall seeks dismissal because the Second Amended Complaint – now the controlling pleading – alleges no facts against Marshall, and thereby fails to state any claims against him. A review of the Second Amended Complaint reveals that Marshall's name appears nowhere in the document.[1] After reviewing Patterson's "Motion for Failing to Represent Me, Their Client, Motion of Injunctive Relief Sought" (Doc. 41), which the undersigned construes as Patterson's response to Marshall's Motion to Dismiss, the undersigned can discern no facts that would bolster Patterson's claim against Marshall, much less address the merits of Marshall's Motion. Indeed, like the Second Amended Complaint, Marshall's name is nowhere to be found in the entire response. As such, Patterson's Second Amended Complaint fails to state a claim against Marshall for which this Court could grant relief. Accordingly, Marshall's Motion to Dismiss is due to be granted.

Next, Conner's Motion to Dismiss argues that the Second Amended Complaint "failed to state a valid cause of action, was illegible, and certainly failed to state a claim

---

[1] In the Second Amended Complaint, Patterson alludes to various pages and exhibits. However, no such exhibits were attached to the Second Amended Complaint. Patterson was previously warned, when requesting leave to file his first amended complaint, that "NO OTHER COMPLAINTS OR DOCUMENTS PREVIOUSLY FILED BY PLAINTIFF WILL BE CONSIDERED BY THE UNDERSIGNED OTHER THAN THE AMENDED COMPLAINT AND DOCUMENTS ATTACHED THERETO." (Doc. 25) at 3. The undersigned repeated this warning when Patterson requested leave to file his Second Amended Complaint: "Plaintiff is further advised that no other documents previously filed by Plaintiff will be considered by the undersigned other than his second amended complaint and documents attached thereto." (Doc. 33) at 2.

upon which relief could be granted." (Doc. 39). The undersigned agrees; the only reference to Conner in the Second Amended Complaint is the fact that she was a lawyer and apparently had some sort of ties to the Montgomery County District Attorney's Office in the 1990s. The Second Amended Complaint provides no facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. As this Court has already found, claims arising out of events from the 1990s are time-barred. (Doc. 21) at 9-10. Additionally, Conner enjoys absolute immunity arising from any actions she took against Patterson as a prosecutor. (Doc. 21) at 11. Finally, Patterson's "Motion to Have or Set a Trial Date" (Doc. 44), which the undersigned construes as Patterson's response to Conner's Motion to Dismiss (Doc. 39), contains no facts that explain this pleading deficiency.[2] The response offers slightly more specificity in listing three state court cases that Patterson alleges were tainted. (Doc. 44) at 2. However, the response still fails to explain what Conner's role was in those cases. Thus, for substantively the same reasons as those applied to Marshall's Motion to Dismiss, Conner's Motion to Dismiss (Doc. 39) is due to be granted.

## V. CONCLUSION

Accordingly, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Marshall's Motion to Dismiss (Doc. 37) and Conner's Motion to Dismiss (Doc. 39) be GRANTED

---

[2] Even if the facts in his response could defeat an *Iqbal* challenge, the Court does not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

and that Patterson's Second Amended complaint (Doc. 34) be DISMISSED with prejudice.[3] Further, the undersigned

RECOMMENDS that Conner's Renewed Motion to Dismiss (Doc. 45) be denied as moot. Finally, it is

ORDERED that the parties may file objections to the instant Recommendation on or before **June 24, 2020**.  The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 10th day of June, 2020.

---

[3] Where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint, even if the plaintiff has not requested leave to amend, without giving the plaintiff at least once chance to amend the complaint. *Spear v. Nix*, 215 F. App'x 896, 902 (11th Cir. 2007) (per curiam). Here, however, Plaintiff has been given three chances to file a complaint that properly states a claim for which relief may be granted, and has failed to do so.

9

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE